


**ORDERED in the Southern District of Florida on June 13, 2012.**

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: CASE NO. 11-34669-BKC-LMI

DONALD ALAN TOBKIN,

Chapter 7

Debtor.

_________________________________/

**ORDER DENYING DEBTOR'S MOTION FOR PROTECTIVE ORDER REGARDING DISCOVERY RELATED TO OBJECTIONS TO EXEMPTIONS**

This matter came before this Court on May 21, 2012 on Debtor's Motion for Protective Order (ECF #310). The Court previously entered its Order Ruling on Motion for Protective Order (ECF #331), but the Court partially reserved ruling on the discovery requested by the Trustee relating to objections to the Debtor's claimed objections. For the reasons set forth below the Court denies the Debtor's Motion for Protective Order regarding documents relating to the Debtor's claimed exemptions.

The sole issue before this Court is whether the chapter 7 Trustee, who did not file an objection to the Debtor's claimed exemptions, is barred from pursuing the objection to exemptions that was timely filed by the chapter 13 Trustee prior to the Court converting this case to chapter 7. The Debtor argues that the objection to exemptions could only be pursued by the chapter 13 Trustee and that, because 11 U.S.C. §348(e) provides that "[c]onversion of a case under section 706, 1112, 1208, or 1307 of this title terminates the service of any trustee or examiner that is serving in the case before such conversion," the chapter 7 Trustee was required to file her own objection to exemptions. There is no dispute that the chapter 7 Trustee did not file any additional objection to exemptions.

Prior to 2010 there was a debate in the courts whether, upon conversion of a case to a case where a trustee was appointed, the newly appointed trustee had the right to file objections to exemptions after the 341 meeting in the converted case, or such objection was time barred since the deadline ran from the 341 meeting in the original case. *In re Ferretti*, 230 B.R. 883, 891 (Bankr. S.D. Fla. 1999) (deciding that a chapter 7 trustee cannot object to exemptions 30 days from the initial creditors meeting has elapsed), *aff'd Dibraccio v. Ferretti*, 268 F.3d 1065 (11th Cir. 2001). *But see In re Lang*, 276 B.R. 716, 722 (deciding that the period for objections renews after a new creditors meeting is held in a conversion from chapter 11 to chapter 7). The debate centered around the conjunctive meaning of 11 U.S.C. §522(l) which provides "The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section" and Fed. R. Bankr. P. 4003(b)(1) which states that, "[e]xcept as provided in paragraphs (2) and (3), a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any

amendment to the list or supplemental schedules is filed, whichever is later." However, at no time during the pre-2010 debate did any court rule that the trustee in the converted case could not rely on timely objections filed by the trustee in the case prior to conversion. In fact, this Court could not find a case in which such an argument was even raised.

In 2010 the debate regarding the conjunctive meaning of 11 U.S.C. §522(l) and Fed. R. Bankr. P. 4003(b)(1) was resolved. The Supreme Court approved an amendment to Federal Rule of Bankruptcy Procedure 1019(2) which now, by virtue of Fed. R. Bankr. P. 1019(2)(A), makes clear that in a converted case the trustee has 30 days from the meeting of creditors in the converted case to file objections to exemptions.[1] However, nothing in the rule amendment suggests that the rights of the trustee in the converted case to file new objections annuls the objection to exemptions, if any, filed in the prior case.

The Debtor did not cite to any case holding that section 348(e) and the termination of the chapter 13 trustee's services somehow invalidates the actions taken by the chapter 13 trustee prior to conversion. What section 348 does is terminate a chapter 13 trustee's obligations and authority to continue to administer a bankruptcy estate, including estate causes of action, all of which are transferred to the trustee or debtor in possession in the converted case.

As there is nothing in the case law or statutes to support the Debtor's argument that the chapter 7 Trustee does not succeed to unresolved exemption objections filed by the chapter 13 trustee, the Debtor's Motion for Protective order on the exemption issue is **DENIED**. The

[1] "A new time period for filing an objection to a claim of exemptions shall commence under Rule 4003(b) after conversion of a case to chapter 7...." Fed. R. Bankr. P. 1019(2)(A).

Debtor shall have fourteen (14) days from the date of this order to turn over all documents responsive to the Trustee's request no. 22.

###

Copies furnished to:
Jason Slatkin, Esq,
Donald Tobkin, Debtor

*The clerk of court shall serve a conformed copy of this order upon all parties in interest.*