*Tagged Opinion*



ORDERED in the Southern District of Florida on September 19, 2016.

**Laurel M. Isicoff, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:  Case No. 11-34669-BKC-LMI

DONALD ALAN TOBKIN  Chapter 7

        Debtor.
_____/

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT OR/AND ORDER(S)
UNDER FED. R. BANK. P.R. (*SIC*) RULE 9024(B)(6), FED. R. CIV. P. RULE 60(B)(6)
AND GRANTING TRUSTEE'S RENEWED MOTION TO COMPEL TURNOVER
FROM THE DEBTOR**

This matter came before me on August 10, 2016, upon the Debtor's Motion for Relief from Judgment or/and Orders Under Fed. R. Bankr P.R. (*sic*) Rule 9024(b)(6), Fed. R. Civ. P. Rule 60(b)(6) (the "Motion for Relief from Judgment") (ECF #1266) and the Trustee's Renewed Motion to Compel Turnover From Debtor (the "Motion to Compel Turnover") (ECF #1238).

This case originated in chapter 13, but was converted to a case under chapter 7. Both motions at issue stem from the Order Denying Motion for Protective Order Regarding Discovery

1

Related to Objections to Exemptions (the "Order Denying Motion for Protective Order") (ECF #347) which was entered on June 14, 2012. In the Order Denying Motion for Protective Order, I held that the Chapter 7 Trustee, Jacqueline Calderin, could pursue objections to a debtor's claimed exemptions that were filed by the Chapter 13 Trustee, Nancy Neidich, and that the Chapter 7 Trustee was not required to file her own objections to the Debtor's claimed exemptions.[1] Thereafter, the Chapter 7 Trustee pursued multiple objections to exemption including an objection to the exemption of a contingency fee payment that the Debtor received for pre-petition services he rendered as an attorney (the "Sharick Payment"). The Debtor argued that the Sharick Payment was wages and therefore exempt; I held that, pursuant to Florida law, the Sharick Payment was not exempt as the payment did not constitute wages.[2]

After I entered the Order Denying Motion for Protective Order, the Supreme Court published *Harris v. Viegelahn,* 135 S. Ct. 1829 (2015). The Debtor interprets the *Viegelahn* decision to mean that no action taken by the Chapter 13 Trustee applies in the converted chapter 7 case. The Debtor argues that *Viegelahn* directly affects the Order Denying Motion for Protective Order and therefore that I must reconsider my prior ruling.

The threshold issue is whether it is appropriate to consider the Debtor's Rule 60(b)(6) Motion on the basis that there was a change in law.[3] Rule 60(b)(6) allows me to reconsider a

---

[1] Mr. Tobkin appealed the decision. The 11th Circuit affirmed my decision and held that the Chapter 7 Trustee was not precluded from pursuing objections to claimed exemptions that were filed by the Chapter 13 Trustee before the case was converted. A copy of the Order is at ECF #978.

[2] On March 26, 2013, in an Order Granting in Part and Denying in Part the Trustee's Motion for Turnover (ECF #548) I held that the Sharick Payment was not exempt because the wage exemption included in Fla. Stat. §222.11 does not apply to money earned by business owners that are not paid pursuant to a formal employment agreement and as a regular paycheck. . On December 23, 2013, I issued an Order Granting Trustee's Motion to Compel Turnover of Documents and Undisputed Balance of the Sharick Payment (the "First Sharick Order") (ECF #936). On September 12, 2016, I issued an Order Granting Trustee's Motion Pursuant to 11 U.S.C. §542 for Turnover of the Unsubstantiated Amount of the Sharick Payment (the "Second Sharick Order") (ECF #1189). The Debtor appealed the First Sharick Order to the District Court and to the Eleventh Circuit Court of Appeals – both of which affirmed my decision. The Supreme Court denied certiori. The Second Sharick Order was also affirmed by both the District Court and the Eleventh Circuit Court of Appeals.

[3] Rule 60(b)(6) is made applicable to this Court under Federal Rule of Bankruptcy Procedure 9024.

2

prior order for any "reason that justifies relief." The Eleventh Circuit has held that a change in the law is a basis for granting a Rule 60(b)(6) motion if the movant can persuade the court that extraordinary circumstances justify relief. *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996) ("whether to grant the requested relief is…a matter for the district court's sound discretion"). I find that if, as the Debtor argues, *Viegelahn* stands for the proposition that he suggests, then this change in law would be an appropriate basis to consider relief under Rule 60(b)(6) as it would have ramifications on a number of decisions that I made throughout the course of this bankruptcy case.

Next, I must decide whether the holding in *Viegelahn* in fact has any application to this case. In *Viegelahn* a chapter 13 debtor converted to a chapter 7 case.[4] After the notice of conversion was filed, the chapter 13 trustee distributed post-petition wages into her account to be distributed to creditors pursuant to the chapter 13 plan instead of returning the money to the debtor. The Supreme Court held that when a chapter 13 case is converted to a chapter 7 case post-petition, pre-conversion wages become property of the estate absent a bad faith conversion. Furthermore, the Supreme Court rejected the trustee's argument that she was legally obligated to make post-conversion distributions because she was bound by the terms of the confirmation order. The Supreme Court stated that "[w]hen a debtor exercises his statutory right to convert, the case is placed under Chapter 7's governance, and no Chapter 13 provision holds sway." *Viegelahn*, 135 S.Ct. at 1838.

For the following reasons, I find that *Viegelahn* does not apply to this case. First, the facts in *Viegelahn* are completely different than the facts in this case. *Viegelahn* concerned the trustee's distribution of post-conversion wages earned by a debtor after his bankruptcy petition

---

[4] I note that the issue of the conversion being automatic upon filing of the notice of conversion is not an issue in this case because the Debtor's conversion was not voluntary.

was filed, but before his case was converted to a chapter 7. I have already ruled that the Sharick Payment was not wages pursuant to Florida law. Therefore, as I ruled in the First Sharick Order and the Second Sharick Order, the Sharick Payment is property of the Debtor's chapter 7 estate.

Second, *Viegelahn* dealt with the ability of the chapter 13 trustee to take certain actions once the chapter 13 case was converted to chapter 7.[5] At issue in this case is the post-conversion viability of the Chapter 13 Trustee's pre-conversion objection to exemptions – which objection was made pursuant to 11 U.S.C. §522(l), not any provision of chapter 13. Nothing in *Viegelahn* addresses, or has any applicability to, actions taken by a chapter 13 trustee prior to the conversion. Indeed, the Bankruptcy Code specifically addresses what actions taken in a chapter 13 case do not survive conversion – a trustee's objection to exemptions is not among them.[6] Additionally, unlike *Viegelahn,* which dealt with specific chapter 13 provisions, the provision at issue here is one of general applicability. Consequently, nothing in *Viegelahn* changes my ruling in the Order Denying Motion for Protective Order that the Chapter 7 Trustee could rely on the objections to exemption filed by the Chapter 13 Trustee before the bankruptcy case was converted.

Based upon the record, it is

**ORDERED as follows**:

1. The Motion for Relief from Judgment is DENIED.

2. The Trustee's Renewed Motion to Compel Turnover is GRANTED.

###

---

[5] *Viegelahn* stated that 11 U.S.C. §§1326(a)(2) and 1327(a) "ceased to apply once the case was converted to Chapter 7." 135 S.Ct. at 1838.
[6] This is, in fact, the crux of my holding in the Order Denying Motion for Protective Order.

4

Copies furnished to:
Jason Slatkin, Esq.
Donald Alan Tobkin, Pro Se Debtor

*Attorney Slatkin is directed to mail a copy of this Order to all interested parties and to file a certificate of service with the Clerk of the Bankruptcy Court.*

5